UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHON MICHAEL HANKINS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-00886-TWP-DML |
| DOUGLAS COX Sheriff, in his official capacity only, NURSE NANCY, | ) |
| Defendants. | ) |

**Entry Discussing Motion to Dismiss**

This matter is before the Court on Defendant Nurse Nancy's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Nurse Nancy seeks dismissal of the medical malpractice claims alleged against her for want of subject matter jurisdiction. For the reasons explained below, the Motion to Dismiss (Dkt. 38) is **GRANTED.**

**DISCUSSION**

Indiana Code § 34-18-8-4 provides in relevant part that "an action against a health care provider may not be commenced in a court in Indiana before: (1) the claimant's proposed complaint has been presented to a medical review panel . . . and (2) an opinion is given by the panel. The parties do not dispute that Nurse Nancy is a qualified health care provider pursuant to the Indiana Medical Malpractice Act, that plaintiff Jonathon Michael Hankins did not file a Proposed Complaint for Medical Malpractice before the Indiana Department of Insurance ("IDOI"), and that he did not receive an opinion from a Medical Review Panel prior to filing his lawsuit.

Based on these facts, Nurse Nancy argues that the plaintiff's failure to file a Proposed Complaint with the IDOI and convene a Medical Review Panel divests this Court of subject matter jurisdiction over the medical malpractice claims alleged against her. *See Castelli v. Steele*, 700 F. Supp. 449, 455 (S.D. Ind. 1998) (noting that medical malpractice action filed in an Indiana court must be dismissed without prejudice for want of jurisdiction if an opinion has not first been rendered by a medical review panel).

On February 10, 2015, and in apparent response to the motion to dismiss, Mr. Hankins with the benefit of counsel, filed a Supplemental Statement of Claims in an effort to properly state a medical malpractice claim against Nurse Nancy in this action. Dkt. No. 36. Nurse Nancy argues that given the procedural posture of this action, Mr. Hankins' medical malpractice claim, and its corresponding declaration that Mr. Hankins does not seek greater than $15,000 in damage from Nurse Nancy as a result of the malpractice claim, was properly included – for the first time – in the Supplemental Statement of Claims filed February 10, 2015. Mr. Hankins argues that he has not changed the substance of his claim, but has simply clarified the amount of damages he seeks for this claim.

Unfortunately for Mr. Hankins, the time for amending his pleadings has passed and his court recruited counsel is unable to correct the omission which occurred while Mr. Hankins was proceeding *pro se*. Indiana Code § 34-18-8-6(a) provides:

> Notwithstanding section 4 of this chapter, a patient may commence an action against a health care provider for malpractice without submitting a proposed complaint to a medical review **panel if the patient's pleadings include a declaration** that the patient seeks damages from the health care provider in an amount not greater than fifteen thousand dollars ($15,000).

(emphasis added). The operative pleading in this action is the complaint (Dkt. No. 2) (originally filed on May 18, 2012 in Cause Number 1:12-cv-683-TWP-DML). That pleading does not include a declaration limiting damages from Nurse Nancy to less than fifteen thousand dollars.

It is true that counsel for Mr. Hankins were asked to review the complaint to identify any claims against defendants Douglas Cox and Nurse Nancy which were overlooked by the Court. But this review was limited to identifying claims presented in the Court and was not an opportunity to amend the pleadings. Denying the opportunity to amend the pleadings at this stage in the litigation is necessary given the fact that this action originally commenced on May 18, 2012. Given the statutory language of Indiana Code § 34-18-8-6(a), it is not enough for Mr. Hankins to now clarify his intent. He was required to file a declaration limiting his recovery to less than $15,000.00 along with his pleadings. Neither the statement of claims nor the supplemental statement of claims is a pleading. See Fed. R. Civ. P. 7(a).

For these reasons, the Motion to Dismiss (Dkt. No. 32) the state law medical malpractice claims against Nurse Nancy is **GRANTED.** The state law medical malpractice claim is dismissed without prejudice for lack of jurisdiction. This ruling does not terminate Nurse Nancy from this action as there remain claims against her.

**IT IS SO ORDERED.**

Date: 4/15/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel